# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ELIZABETH HENRY

      Plaintiff,

                               Case No. 06-2564 JAR-DJW

v.

SPRINT NEXTEL CORPORATION,

      Defendant.

## **PROTECTIVE ORDER**

This matter comes before the Court on Defendant Sprint Nextel Corporation and Plaintiff Elizabeth Henry's jointly proposed Protective Order. The Court finds that a Protective Order is appropriate in this case. Accordingly, the Court hereby makes the following findings:

      A.      The confidential, proprietary, and/or trade secret business information of the Defendant – consisting of non-public business practices, research and development, non-public technologies, non-public customer lists and customer relations, non-public marketing information, compensation and recruitment practices, non-public employment-related costs, non-public financial records, employees' files and non-public sensitive internal information regarding Defendant's business operations – constitute confidential or trade secrets under the Kansas Uniform Trade Secrets Act and or are otherwise subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c)(7).

      B.      The financial and/or personnel records of Plaintiff and others constitute sensitive and confidential information subject to protection pursuant to Fed. R. Civ. P. 26(c)(2).

      C.      Certain materials setting forth the information described above may be relevant and discoverable in this action.

      D.      Broad public disclosure of the information described above would cause specific harm to the Defendant, the Plaintiff, and/or to others not parties to this litigation.

      E.      The parties have established good cause for entry of a protective order setting forth the terms and conditions under which confidential, proprietary, and/or trade secret business information of the Defendant and confidential financial and personnel information relating to the

Plaintiff and others will be produced.

Therefore, for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Marking of Designated Materials.</u>  Documents the parties reasonably believe are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking, on each page of the document.  All materials to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party.  If such materials have already been produced to the other party, the party producing such materials shall notify the other party immediately upon entry of this Order that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

2. <u>Good Faith Designations of "CONFIDENTIAL" Materials.</u>  Plaintiff shall have the right to designate as "CONFIDENTIAL" any materials they believe, in good faith, relate to Plaintiff's income.  Defendant shall have the right to designate as "CONFIDENTIAL" any materials they reasonably believe, in good faith, constitute personnel files regarding non-parties and proprietary information as specifically described in Section A above.

3. <u>Restriction on Disclosure and Use of Designated Materials.</u>  No materials designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Order.  No person shall use any material designated "CONFIDENTIAL" for any purpose other than to assist counsel of record in the preparation and trial of this action.  No copies of designated materials shall be made except by, or on behalf of the Court or its staff, or attorneys of record for the parties to this Order.

4. <u>Filing of Documents Under Seal.</u>  The Parties are not authorized to file under seal any documents containing information subject to this Order without express leave of Court after the party's motion requesting leave to file such documents under seal and demonstrating good cause for the request.  Any filing of documents under seal, with leave of the Court, shall comply with all local and/or federal rules pertaining to filing of documents under seal.

5. <u>Access to "CONFIDENTIAL" Materials.</u>  Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a) the parties, their counsel of record in this action, and their experts;

(b) all assistant, stenographic and clerical employees working under the direct supervision of the attorneys of record in this action;

(c) any person not employed by a party, but who is expressly retained by a party to this Order, or any attorney descried in paragraph 5(a), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials to be made only to the extent necessary to perform such work;

(d) court reporters and any person before whom testimony is taken; and

(f) the Court, or its staff, in connection with the Court's administration and adjudication of this action.

6. <u>Undertaking of Persons Receiving Designated Materials.</u>  In no event shall any materials designated "CONFIDENTIAL" be disclosed to any person (except those described in paragraph 5(a)-(d)) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby. In the event of depositions of third party witnesses, during which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such materials shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.

7. <u>Limitations Upon the Scope of Order.</u>  Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the materials produced by it as "CONFIDENTIAL."  This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as, a result of this litigation.  If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only under separate, specific motion and later order of the Court.  Any information subject to this Order used at any trial loses its confidential status and is not subject to the terms of this Order.

8. Within 60 days of the termination of this action, including any appeals, any party who wants "CONFIDENTIAL" materials returned by the opposing party shall notify counsel for the opposing party, and the opposing party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" materials from the parties, and others who are authorized by this Order to receive "CONFIDENTIAL" materials after 60 days following the termination of the action, including all appeals, the parties will destroy all materials marked "CONFIDENTIAL" by the opposing party, except that the attorneys of record may retain an opposing party's "CONFIDENTIAL" materials, but only for the purpose of preserving a file in this matter.

9. Breach of this agreement by parties in this litigation  may be punished by the contempt powers of the Court and also may give rise to a civil cause of action.

10. Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" materials are in fact, confidential or otherwise not subject to disclosure.  Any party may dispute the confidential nature of any "CONFIDENTIAL" materials or that the "CONFIDENTIAL" materials are, in fact, entitled to protection of this Order and may move the Court for removal of the "CONFIDENTIAL" designation upon any such materials.  Nothing in this Order shall preclude the Court, <u>sua sponte</u>, from determining that a "CONFIDENTIAL" designation is unwarranted and ordering the removal of such designation.

11. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

12. <u>Duration of Order.</u>  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

SO ORDERED

Dated this 4th day of April 2007, at Kansas City, Kansas.

<u>s/ David J. Waxse</u><br>
U.S. MAGISTRATE JUDGE

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ELIZABETH HENRY

        Plaintiff,

v.                                                                                                  Case No. 06-2564-JAR-DJW

SPRINT NEXTEL CORPORATION,

        Defendant.

**DECLARATION OF _____ UNDER
PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR
DISCLOSURE OF CONFIDENTIAL INFORMATION**

        I, _____, declare as follows:

1.     My address is _____
_____.

2.     My present employer is _____
_____.

3.     My present occupation or job description is _____
_____.

4.     I hereby acknowledge that I have received, or may receive, information designated as CONFIDENTIAL under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

5.     I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

6. To assure my compliance with the PROTECTIVE ORDER, I hereby submit myself to the jurisdiction of the United States District Court For The District Of Kansas for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this PROTECTIVE ORDER.

7. I understand I am to (i) retain all of the materials I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this PROTECTIVE ORDER; (ii) make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Date